**Terry DEEN, Plaintiff—Appellant,**

**v.**

**CORNING CITY, a governmental entity and political subdivision of the State of CA; Corning Police Department, a governmental entity; John Jellison, as an individual and as an employee of the City of Corning and the City of Corning Police Department, Defendants—Appellees.**

No. 01–16705.

D.C. No. CV–99–01327–DFL/PAN.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 13, 2003.

Decided May 7, 2003.

Before KOZINSKI, GRABER and BERZON, Circuit Judges.

**MEMORANDUM** *

**1.** The district court did not err in concluding that Officer Jellison was entitled to qualified immunity. Deen failed to "establish both a substantial showing of the deliberate falsity or reckless disregard of the truth of the statements in [Jellison's report and affidavit] and the materiality of

---

the California Court of Appeal as well, thereby providing another ground for finding procedural default.

**7.** *Id.*

**8.** *Id.*

**9.** *See* 28 U.S.C. § 2254(d).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

those statements to the ultimate determination of probable cause." *Hervey v. Estes,* 65 F.3d 784, 789 (9th Cir.1995). It is undisputed that Jellison confirmed the existence of a valid restraining order with dispatch after Shatswell called police about Deen's violation of the order, that Jellison's report contained no material misstatements or omissions and that he attached to his affidavit true copies of the two restraining orders for review by his superiors. It makes no difference that the December 22, 1998, restraining order had not been served on Deen. As Jellison's report accurately disclosed, an almost identical order was served on October 18, 1998.

Jellison's romantic involvement with Shatswell and the District Attorney's subsequent dismissal of all charges against Deen did not transform a proper complaint supported by probable cause into one that was not.

2. Because Deen failed to create any genuine issue of material fact that his constitutional rights were violated, the district court did not err in granting summary judgment in favor of Corning City and its police department. *See* 42 U.S.C. § 1983 (requiring some "deprivation of . . . rights, privileges, or immunities secured by the Constitution and laws" to state a cause of action). Absent any showing that some constitutional "injury [was] inflicted," *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), we need not decide whether there existed a "longstanding practice or custom" or sufficient "final policymak[er]" involvement to give rise to municipal liability under *Monell. Christie v. Iopa,* 176 F.3d 1231, 1235 (9th Cir.1999).

**AFFIRMED.**